VICTORIA O'FERRAL
5255 N MOUNTAIN VIEW AVE.
SAN BERNARDINO CA 92407
Tel. 909-544-3533

Defendant in pro per

**FILED**
CLERK, U.S. DISTRICT COURT

**JAN -3 2018**

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION-RIVERSIDE

| | |
|---|---|
| SRP 2012-4, LLC<br><br>               Plaintiff,<br><br>vs.<br><br>VICT0RIA OFERRAL,  and Does 1 through 5, inclusive,<br><br>               Defendants. | Case No.:  **ED  CV18-00013  JGB SHKx**<br><br>NOTICE OF REMOVAL<br><br>Removed from San Bernardino County California<br>Superior Court –Fontana<br>Case Number: UDFS 1707741<br><br>Pursuant to 28 U.S.C. § 1441 and § 1332<br><br>(TRIAL BY JURY DEMANDED) |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA :

PLEASE TAKE NOTICE that pursuant to Title 28-Part IV, Chapter 89,

commencing with § 1441- Actions Removable Generally, Defendant, Victoria

O'Ferral hereby removes to this Court the State Court action described below.

## THE REMOVED CASE

On October 25, 2017, an action was commenced in the San Bernardino County Superior Court, Fontana, as case number UDFS1707741.   VICTORIA O'FERRAL is a defendant in a civil action filed in the San Bernardino County Superior Court matter entitled  SRP 2012-4, LLC vs  VICTORIA O'FERRAL . Said case proceeded in unlawful detainer for possession.  HOWEVER THERE WAS NO DELINQUENT LOAN AND THERE WAS NO AUTHORORIZED FORECLOSURE ON A NON-EXISTENT LOAN CLAIMED AS A SECOND MORTGAGE LOAN.  There is no evidence of a second loan nor authority for this foreclosure of a fake loan that has no recorded foundation for its existence.

Plaintiff and Plaintiff's attorney have caused Defendant harm under title 42 USC 1983 by filing a false claim for possession based upon lack of debt on nonexistent second trust deed which could not authorize the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title that are raised in this proceeding. The state court unlawful detainer has already stated univocally that it simply intends to evict the defendant regardless of the lack of evidence of subject matter jurisdiction. Though this case was removed before, it was not treated as a Federal question case. Therefore Defendant seeks her remedy in this Court for discriminatory taking her property when there was no debt to justify the alleged foreclosure sale, and discriminatory retaliatory eviction in

violation of federal housing discrimination and housing laws. Defendant uses her property for her residence that is only encumbered by one loan and is one of a class that is protected by Housing Protection laws, HUD and consumer protections against mortgage fraud.

Removal is proper because the Office of the commissioner and the federal interests in this matter predominate over the state interests. The superseding issue is the federal question of whether the Plaintiff is shielded from the intrusion of state enforcement because it simply seeks to take homeowner's property in violation of constitutional rights.

If the answer is yes, the inquiry ends.

If the answer is no, the state law issues will be simple and straightforward.

Thus, the federal issue in this case clearly predominates over the state issues. At the very lease a colorable claim exists, the validity of which should be judged by federal standards in a federal district court.

## **FEDERAL AUTHORITY**

Where claims arise under both federal and state law, defendants may remove all claims. The Supreme Court stated that "the presence of even one claim arising under federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." This newly drafted

provision eliminates the constitutional and interpretive claim language.  The presence of related state claims does not alter the fact that pleaded federal actions constitute civil actions within the original jurisdiction of the federal courts for purposes of removal.

In this matter there is an extensive pattern of discrimination against plaintiff as a minority homeowner and securities violations and banking fraud that cannot be heard in the limited subject matter jurisdiction. Further the state unlawful detainer court lacks jurisdiction where plaintiff cannot plead perfected title.

The principal point behind all this is that the entire nonjudicial scheme and structure becomes unconstitutional if in either the wording of the statues or the way the statues are applied deprive the homeowner of due process.  Denial of due process includes putting a burden with no relief on the homeowner that would not be there if the case was brought as a judicial foreclosure.

In the unlawful detainer the purchaser at a trustee's sale proceeds under section 1161 of the Code of Civil Procedure must prove that his title by purchase at the nonjudicial foreclosure sale occurred by purchase at the sale.  However there is no evidence of a sale in compliance with the statue and deed of trust where there exists no evidence of compliance with deed of trust and there was no debt and no beneficiary under any non-existent second deed of trust.  There is neither a valid

deed of trust, nor a valid default debt, nor a valid foreclosure sale against

defendant's home at 5255 North Mountain View Avenue, San Bernardino, CA.

## VENUE

Venue is proper under Title 28, Part IV, Chapter 89, commencing with

§1441 (a) as San Bernardino County Superior Court, Central is in the Eastern

District of California, San Bernardino County.

Venue is proper in this district pursuant to  Section 22(a) of the Securities

Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa,

because certain of the transactions, acts, practices and courses of conduct

constituting violations of banking and securities laws alleged occurred within this

District and because defendant resides in this District.

Venue is proper under Title 28, Part IV, Chapter 89, commencing with

§1441 (a) as  San Bernardino County Superior Court, Fontana, is in the Federal

Central District of California,  Eastern Division –Riverside.

## GROUNDS FOR REMOVAL- FEDERAL QUESTION

THIS REMOVAL IS NOT BASED on grounds of diversity of citizenship,

However it is certain that the amount in controversy in excess of the unlawful

detainer court.  The diversity requirements do not apply, the amount in controversy

on the face of the complaint is .

Defendant, also alleges that She is being denied and discriminated for

whistleblowing re real estate scam and cannot enforce her rights to equal

protection of the discriminatory laws of the State of California, which facially and

as applied by the California Superior Courts of Limited Jurisdiction.  The federal

question law is the violation of civil rights and discrimination in violation of

constitutional rights to due process.  Thus it is properly removed into this case

## **JURISDICTION ALLEGATIONS**

This Court has jurisdiction over this action pursuant to (1) Sections 101 and

109 of the Emergency Economic stabilization act of 2008 as amended by 7002 of

the American Recovery and Reinvestment act of 2009; and (2)Sections 20(d)(1)

and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d)(1) & 77v(a), and Sections

21(d)(3)(A), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d)(3)(A), 78u(e)

and 78aa and 28 U.S.C. §§1332, 1441, 1443 and 1446.

Article IC Amendment to U.S. Constitution reserves all rights not delegated

to government to the states.  Article amendment or to the People of which the

defendant removing the case is.  Bacon v. U.S. no. 09-1227, June 16, 2011,

supports the Defendant's action challenging the state court's actions without

jurisdiction and result in unfair and unjust determinations.

SRP 2012-4, LLC , allegedly purchased Defendant's property at a Trustee's

Sale.  However, for over twelve years there has been no existing second trust deed

on the property due to the errors in the foreclosure process the foreclosure sale was held on a nonexistent loan and nonexistent debt.

The state court interfered with Defendant's due process rights to her real property from an imposter claim.  The state court lacks in personam jurisdiction, subject matter jurisdiction, and in rem jurisdiction over the fraud and retaliatory discrimination in this matter.

The combination of circumstances is determinative notice that defendant is denied due process and protection of all laws providing for equal civil rights of U.S. citizens in the limited jurisdiction state court. 28 U.S.C. §1443 (1) and USC §§ 1981. 1982.

All judges in the State of California are conflicted in every mortgage issues because their retirement and benefit packages are invested in mortgage loans and mortgage backed securities.  In addition, they are predisposed to bias for the plaintiff.

The Supreme Court has found that a "suit arises under the law that creates the cause of action," American Weil Works v. Layne, 241 US US 257 (1916), and therefore this suit based on federal law, not a state law suit due to the lack of limited state court jurisdiction, creates the federal question jurisdiction,.  Louisville & Nashville R.. Co. v. Mottley, 211 U.S. 149 (1908).  This decision and others now pave a path to federal court for mortgage securitization, broken chain of title,

and lack of jurisdiction of limited state courts to hear the homeowner cases in sham unlawful detainer actions.  Defendant calls upon this court to correct the legal error of venue and the illegality of the homeowner-lender disputes where there is no recorded deed of trust to foreclose upon and no default debt to trigger a foreclosure sale and no title transfer to support an unlawful detainer eviction..

There is substantial evidence that demonstrates that SRP 2012-4,LLC:

1. Lacks standing in this Courtroom to show they are a holder in due course.

2. Is not a Real Party in Interest to the Title under a void Unperfected Trustee's Deed Upon Sale and lack of recorded Deed of Trust.

3. Does not own an interest in the nonexistent Note and nonexistent Debt.

4. Has filed declarations that lack authenticity and are false and misleading

5. Has not shown it has authority to act on behalf of any person with hearsay fraught creating a lack of evidence of a valid title in nonexistent debt and nonexistent interest in the title to defendant's home.

Plaintiff respectfully submits that the federal court must clarify the issues in this matter under federal jurisdiction and hold plaintiff accountable. The Supreme Court of Washington has explained only the actual holder of the promissory note or other instrument evidencing the obligation maybe a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property.

Here there is an illegal claim to nonexistent title and nonexistent debt. "When an unlawful beneficiary appoints a successor trustee, the putative trustee lacks the legal authority to record and serve a notice of trustee's sale."  Walker v. Quality Loan Serving Corp.. No 65975-8-1 slip. Op. at 7 (Wash. App. Aug. __, 2013.)

This is precisely the defect in the foreclosure proceedings that occurred in this case.  Because there was not a proper successor trustee vested with the power to conduce a nonjudicial foreclosure sale, the subsequent sale of the property was improper.  Thus the trustee's deed upon sale is void.

By concocting and subjecting defendant to a complex  financial scheme, plaintiff has acted in concert with others in order to acquire undue enrichment and steal defendant's real property as well as deny her right to due process.

Therefore this court has subject matter jurisdiction under 28 USC 1331.

## TIMELY NOTICE OF REMOVAL

This Notice of Removal is timely being triggered by the change in jurisdiction requirement for federal issues are precedent to any determination in the limited court jurisdiction.  Defendant seeks a safe harbor of her constitutional rights for a home in the face of housing discrimination from plaintiff and retaliatory eviction in violation of federal housing laws.

This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)).

Defendant further alleges that the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§1981-1982, so that Defendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants  and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.

The California Superior Courts completely ignore the Civil rules of Procedure, Civil rules of Evidence and the Real Party In Interest rule.  These California statutes and the state-wide custom, practice and policy reinforces and sustains, rather than undermines, the use and invocation of 28 U.S.C. §1443(1) removal under the above-cited language of *Greenwood v. Peacock* relating to the Second Prong of the Two Prong Test of *Johnson v. Mississippi,* namely that "Second, it must appear, in accordance with the provisions of §1443(1), that the removal Petitioner is "denied or cannot enforce" the specified federal rights in the courts of the state."

Accordingly, this is not only a civil rights violation but through discovery Defendant had discovered that her property is only subject to a first trust deed. Thus, defendant submits that this removal under the circumstance of the foreclosure is illegal in violation of the state and federal foreclosure laws including but not limited to banking and mortgage laws, discrimination, retaliation, and RICO violations.

This Court is the proper forum to adjudicate this matter. In fact, Defendant herein insists that her case ought to be removable precisely because of the direct, in

fact the perfectly aligned, factual fit between the MBS, IRS, New York Trust Law and SEC and lack of a "second trust deed" nor valid debt to trigger a default trustee's sale.

The condition of automatic and systematic denial of rights by reason of the operation of pervasive state and (as construed) Federal law does in fact apply to all proceedings especially where minority Defendants are denied both their due process of law rights and their equal protection rights in violation of 42 U.S.C. 1981, which is a statute providing for equal protection under the law

Defendant is accordingly entitled to remove pursuant to 28 U.S.C. §1443 which provides that defendants may remove civil actions commenced in any state court where Defendant is prosecuted pursuant to a law all of which deny equal protection of the laws as well as substantive due process of law under the First, Fifth, Ninth, and Fourteenth Amendments.

Defendant claims the rights she is being denied are in violation of title 42 USC §1983; 18 USC §241 and §242. Defendant is one of class protected by Housing Protection laws, Department of Housing and Urban Development San Bernardino Fair Housing, Americans with Disabilities Act and consumer protections. These activities are under the exclusive jurisdiction of the district court as it regards the clear and consistent restructuring guidelines for the entire housing industry for protected persons whose homes are taken in violation of the law.

1.  Defendant, Victoria O'Ferral, herein gives Notice that, pursuant to 28 U.S.C. §§1443, 1446, & 1447(b), Defendant has removed this case to the United States District Court for the Central District of California, on grounds that Defendant's rights guaranteed by 42 U.S.C. §§§1981, 1982 and 1983 the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution are being directly and

systematically impaired and infringed by the systematic improper application of statutory laws and customs, practices, and policies having the force and effect of law in the State of California.

2.    The Fifth Amendment to the United States Constitution, which is part of the Bill of Rights, protects against abuse of government authority in a legal procedure. The Fifth Amendment is very clear; "No person shall be deprived of life, liberty, or property, without due process of law".

3.    Moving Defendant, Victoria O'Ferral alleges that she is entitled to remove under 28 U.S.C. §1443(1) and *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) because the Superior Courts of San Bernardino, and of California generally, have systematically and with design enforced rules, laws, and evidentiary burdens in a manner which are improper, illegal, and oppressive to economically disadvantaged defendants, as well as discriminatory to residential home owners involved in a foreclosure and the consequential unlawful detainer action, and accordingly do not equally or evenly enforce due process rights or the laws and statutes of the state of California, effectively denying equal rights to homeowners in litigation with financial institutions, in violation of 42 U.S.C. §§1981-1982.

4.    Moreover, the Superior Courts of San Bernardino, and of California generally, have systematically and with design enforced rules, laws, and evidentiary burdens in a manner which are improper, illegal, and oppressive to economically disadvantaged defendants, as well as discriminatory to black women who are residential home owners involved in a fake foreclosure and the consequential unlawful detainer action. Accordingly the limited state courts do not equally or evenly enforce due process rights or the laws and statutes of the state of California, nor do they recognize the lack of understanding of the documents, and processes by disadvantaged litigants by failing to provide  verify the documents

relied upon by plaintiff's where they are never properly recorded deeds of trust or existing debt as is required under California Law before depriving litigants of their homes, thus effectively denying equal rights to underprivileged homeowners in litigation with financial institutions.

5.      For example, the Superior Courts of the State of California have not required properly authenticated proof of ownership or title to property prior to allowing the financial institutions to commence eviction proceedings.  Nor have they required proper proof of lawful compliance with California law regarding the property interests (i.e. chain of title, Deeds of Trust, promissory notes, and payments pursuant to securitizations of the Deed and/or Note) involved in a non-judicial foreclosures, resulting in the financial institutions involved in the foreclosure and/or unlawful detainer action to easily hide or disguise broken title chains, be allowed to cover up transactions by insertion of certain errors (such as misspelled names) and omit other critical evidence without laying a proper foundation or properly authenticating documents.  In this matter there is no recorded second deed of trust, there is no known underlying debt no default to hold a fake foreclosure sale.The fraudulent sale transactions occurred and is ignored in limited State Court, all to the detriment of Defendant's rights as stated herein.

6.      This matter is appropriate to be reviewed and ruled upon in this forum as the defendant in this matter is a **litigant** who has been taken advantage of by the Courts of the State of California as well as the Plaintiff in this matter. The limited Court sitting in judgment on this matter lacks subject matter jurisdiction. Defendant will be substantially harms and she will be deprived of her due process rights.  There was no second trust deed existing on which the foreclosure illegally foreclosed.

## CIVIL RIGHTS JURISDICTION

7.    Civil rights removal differs from Federal Question or Diversity jurisdiction removal precisely because there is *no* requirement that the diversity jurisdiction be apparent or the federal question be presented on the face of the complaint.    The purpose of Federal Civil Rights Removal is also to act as an injunction against civil rights violations in State Courts and protect against violations of federal question.

8.    Under civil rights removal, as a practical matter, the question can only be raised in the pleadings by any defense asserted in an answer or raised in the petition for removal.    The reason for this is simple: where Plaintiffs seek to maintain their advantage in state court which arises on account of inherent inequities or injustices either in State Law or in the customs practices, and procedures utilized in the state Court, the Plaintiffs would ordinarily be the last ones to admit it.

9.    This is in fact the test of whether Federal Judicial injunction against state proceedings by means of civil rights removal is permissible. As established in *Younger v. Harris, 401 U.S. 37; 91S Ct. 746; 27 L.Ed.2d 669 (1971)*, a removing party   (or party seeking a Federal Injunction to stop state court proceedings) must allege, as a matter of fact and by a preponderance of the evidence, special circumstances occurring in the State Court system (such as the recent and growing tidal wave of non-judicial foreclosures followed by another tidal wave of seemingly uncontestable non-judicial eviction) which have routinely shown that based on the failure of the state courts to follow the California evidence code and require proper authentication and foundation of documents presented by Plaintiffs (usually financial institutions).    The Plaintiffs have been able to obtain non-judicial foreclosures without following the laws of the State, and by directly impairing Defendant's right to a proper and fair trial, such that

there is no chance that Defendant will receive equal protection or due process of laws in the relevant state courts.

10.    Defendant herein alleges that the California Superior Courts in San Bernardino County are no more likely, in 2017, to afford equal protection or due process of laws that the Courts of Louisiana were in the early 1960's heyday of the Civil Rights crisis to afford equal protection and due process of law to the clients of the attorneys for the ACLU who were prosecuted under the Louisiana state "un-American activities" and under the McCarthy-era anti-communist statutes, together with state judicial and prosecutorial customs, practices and policies, which were at issue in *Dombrowski v Pfister*, 380 U.S. 479; 85 S.Ct. 1116; 14 L.Ed2d 22 (1965). Nor are the Court more likely in 2013 to afford equal protection or due process of law to litigants with Spanish names especially with the refusal to provide to hold plaintiff' to the specific California laws which require foreclosures during an active modification to be reversed..

11. Civil Rights Removal under 28 U.S.C. §1443(1) in particular is whether there is equal justice under the law of the state from the Defendant's standpoint. There is nothing in 28 U.S.C. §1443, which suggest that a forcible detainer case must show, on its face, a substantial Federal question in order to be removable. Evidence or proof relating to the denial of "equal civil rights" is normally circumstantial or provable only by non-party or third-party witnesses.  28 U.S.C. §1443

## FACTUAL SUMMARY

12.    This case involves a series of transactions originally involving a non existing 2nd Deed of Trust on a residential property. The first trust deed was purchased from the original lender RESMAE by Popular Loan Management ("Popular"). In 2007 Popular combined the balloon payment with the 1st trust Deed transformed into a Mortgage Back Security Bond (under the S.E.C.) as the Deed.

Clear Springs masqueraded its way through the scheme of a Non Judicial Foreclosure sale even though there was no second trust deed in existence.

13. The alleged "2nd trust deed" was a fake creation that did not exist. There is no record of a "2nd trust deed" for over the past twelve years and there was not a recorded deed of any debt on such a trust interest. Over twelve years later T.D. Services Trustee foreclosed in a non-judicial sale and sold the subject property for Clear Springs Loan Management LLS. to plaintiff over the defendant's protest.

14. TD Trustee Services, the alleged Trustee created or had fraudulent replacement documents created and used them to initiate an illegal non judicial foreclosure against Defendant's residential property knowing that Defendant's Deed did not exist.

15. The Plaintiff in this case is an alleged purchaser at the illegal Trustee Sale, however, said transaction was not an arm-length transaction as the plaintiff is in the business of collusion with the underlying banks to steal unsuspecting minority homeowner's residences at a fraction of the true value n violation of a loan agreement and then resale them for a substantial profit.

16 In this instant matter, the entity which allegedly conducted the foreclosure proceeding was not the holder in due course or a Real Party in Interest but rather utilized fraudulent and falsified documents to rob Defendant and other minority homeowners of their residences. Moreover, in this instant matter, and in accordance with California law, any entity that initiates a foreclosure process must be the holder in due course, a Real Party In Interest, have Standing or is in the right legal capacity to proceed with residential foreclosure proceedings. That could not happen, but TD services foreclosed on Victoria's home for Clear Springs and issed a fake deed upon trustee's sale to the plaintiff.

17. Defendant alleges that counterfeit documents and fraudulent replacement documents were used to build reliance upon, and to initiate, an illegal

foreclosure process that led to an illegal non-judicial foreclosure on Defendant's property.

18.    Defendant rebuts and disputes the validity and authenticity of the documents that are counterfeit documents, fraudulent replacement documents, void and illegal assignments, and other improper documents include the Trustee's Deed Upon Sale in violation of the existing loan modification agreement and monies held in the homeowners' escrow accounts with Ocwen Loan Services the servicer on the recorded first deed of trust.

19.    Plaintiff's actions against Defendant's property are contrary to law and in violation of the duties and obligations of the purported beneficiary and purported trustee to Defendant (trustor). The creation and filing of the misleading and fraudulent documents stated above has added to the confusion consistently created by Plaintiff throughout the course of the underlying case.

20.    Plaintiff and Plaintiff's Attorneys have used the statutory laws that govern a non-judicial foreclosure to illegally and fraudulently take the residential property from the rightful owner, Defendant Victoria O'Ferral.

21.    Defendant's only residential Deed of Trust is a first trust deed. No second trust ever existed and could not be legally foreclosed upon.

22.    Once Defendants chain of title was irreversibly broken due to the number of fraudulent documents vested in a nonexistent second trust deed, ,no one had standing to foreclose. The non-judicial foreclosure was void as a matter of law due to the nonexistent second trust deed and non-existent deht..

23.    Therefore, no one had legal authority to sell Defendant's Deed of trust and the non-judicial foreclosure was void as a matter of law.

## DOCUMENTS  FROM THE REMOVED ACTION

24.     Plaintiff brought a private matter before the State court by filing a fraudulent Unlawful Detainer on October 25, 2017 claiming that Defendant's property that was allegedly purchased at Trustee Sale, however, it was illegally sold at said Trustee Sale.  A true and correct copy of said Unlawful Detainer is attached hereto as **Exhibit "A"**.

25.     Defendant discovered the illegal sale and false claims against her home and answered the unlawful detainer complaint  (A true and correct copy of said Answer is attached hereto as **Exhibit "B"**).

26.     Defendant respectfully requests that this court hold an evidentiary hearing so these foundational facts can be brought to the surface and stop the improper prosecution of the underlying fake claims.

27.     The District court has an obligation to protect the rights of the People and this Defendant  is one of the people and an American citizen and asks this court to protect her from the ongoing violations against the title of her property and civil rights which is not being done at the state level.

28.     Moreover, this Defendant is a minority senior citizen black woman defendant whose civil rights have been infringed upon by the plaintiff's failure to reverse the fake foreclosure sale and reinstate the property title rights to the homeowner. These deliberate actions by Plaintiff are in violation of  42 U.S.C. §1981-3.

## CIVIL RIGHTS REMOVAL JURISDICTION
## PURSUANT TO 28 U.S.C. §1443.

29.     Civil rights removal differs from Federal Question or Diversity jurisdiction removal precisely because there is *no* requirement that the diversity jurisdiction be apparent or the federal question be presented on the face of the complaint.  Section 1443  states in full:

"Any of the following civil actions or criminal prosecutions, commenced in a State Court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

30.     In addition, 28 U.S.C. §1443 has UNIQUE status among all removals, totally distinct and different from removals based on Federal question or diversity jurisdiction, in that any order of remand is immediately appealable. Civil Rights injunctions against Federal proceedings are expressly authorized under 42 U.S.C. §§1983, 1988(a) *Mitchum v. Foster,* 407 U.S. 225; 92 S. Ct. 2151; 32 L. Ed. 2d 705 (1972).

31.     Although the Supreme Court has not recently addressed the question of Federal Injunctions against State Court proceedings as a remedy for systemic and systematic violations of civil rights, the "extraordinary pro-injunction trilogy" of *Domrowski, Younger, Mitchem* has never been overruled or even (directly) questioned. In fact Mitchum v. Foster was affirmed by *Pennzoil v. Texaco*, which clarified that in truly extraordinary circumstances, Federal intervention may be proper. 481 U.S. 1. (1987).

32.     **Defendant Suffers Under An Evidentiary Disadvantage As The State Court Has Denied, and Continues to Deny, Defendant The Ability To Bring In Evidence Of Title and non existent second trust deed.**

33.     The state court refuses to allow Defendant to raise issues of title and does not have subject matter jurisdiction over this complex title issue. The California Judges Bench Guide states:

(8) *Title is at issue*. **The litigation is between a plaintiff-lender and a defendant-homeowner, rather than between landlord and tenant, and title is at issue**. *Mehr v Superior Court (1983) 139 CA3d 1044, 1049, 189 CR 138* (**because of summary nature of unlawful detainer proceedings, it is unsuitable forum to try complicated ownership issues**); *Asuncion v Superior Court* (1980) 108 CA3d 141, 145-146, 166

## LIMITED COURT LACKS SUBJECT MATTER JURISDICTION

34. Up to this point in the underlying state Court matter, the state court has allow prosecution of the matter to continue to take place without the Real Party In Interest before the court. The state court has allowed hearings to proceed, against Defendant's objection, without establishing the Plaintiff's capacity to bring the matter before the court, such as establishing that the Plaintiff is a holder in due course of either the Deed or the Note, that the Plaintiff has both the Deed and the Note in its possession at the time of filing of the complaint, and that the Deed and the Note can be properly authenticated and properly admitted into evidence. Further the trustee's sale was held in violation of the nonexistent second trust deed and a non-existing debt to trigger a default notice and notice of trustee's sale.

35.    Further, the state court has allowed prosecution of the underlying case without a verified complaint by a Real Party In Interest, or Plaintiff, with personal knowledge of the matter to prove duely perfected title.  The  invalid foreclosure on a nonexisting second trust deed to illegally obtain possession of the defendant's home does not support the limited court's unlawful detainer action..

The U.S. Supreme Court has stated the standing requirement as follows:

"To  qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's

challenged behavior; and likely to be redressed by a favorable ruling. Legal standing truly rests its first prudential origins in *Fairchild v. Hughes*, (1922)

36.    A party facing prospective injury where the threatened injury is real, immediate, and direct, see, *e.g., San Bernardino* v. *Lyons*, 461 U. S. 95, 102 Article III restricts federal courts to the resolution of cases and controversies. *Arizonans for Official English* v. *Arizona*, 520.   The requirement that a claimant have "standing is an essential and unchanging part of the case-or controversy requirement of Article III." *Lujan* v. *Defenders of Wildlife*, 504 U. S. 555, 560 (1992); see also *Arizonans for Official English, supra,* at 64. To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling. *Lujan, supra,* at 560– 561. "[S]tanding is not dispensed in gross." *Lewis* v. *Casey*, 518 U. S. 343, 358, n. 6 (1996). Rather, "a plaintiff must demonstrate standing for each claim he seeks to press" and "'for each form of relief'" that is sought. *DaimlerChrysler Corp.* v. *Cuno*, 547 U. S. 332, 352 (2006) (quoting *Friends of Earth, supra,* at 185). Standing is a "threshold question in every case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Hence, "a defect in standing cannot be waived; it must be raised, either by the parties or by the court, whenever it becomes apparent." U.S. v. AVX Corp., 962 F.2d 108, 116 n. 7 (1st Cir.1992).

37.    Defendant contends that no one had the right, and no one ever had legal authority to perform a trustee sale of  Defendant's property on a 2nd trust deed that had not existed for over eleven years.. The selling tortfeasors acted in concert to  violate the existing foreclosure law, failed to validate the debt and account for homeowner credits and payments.   Other tortfeasors perpetrated a fraud on

Defendant by filing a false Deed Upon Trustee Sale with the county recorder's office and other fraudulent documents.

///

///

## PLAINTIFF'S LACK OF ADMISSIBLE EVIDENCE OF STANDING IGNORED BY STATE COURT

38.    Neither the Defendant or the Real Party in Interest, never assigned any document giving any trustee any legal authority to act on Defendant's property or violate the existing modification.  All actions taken on Defendant's property after the initial close of escrow have been without notice and fraudulent, thus the Trustee's Sale was void as a matter of law.

39.    Defendant presumed from the paperwork filed that it was true that her property was sold.  It was only later that Defendant found confirmation with Ocwen Loan Servicing and her property was illegally sold under the disguise of the Non Judicial Foreclosure since there was no existing second trust deed..

40.    The State Courts denied Defendant the right to discovery and to question the Real Party in Interest Plaintiff who never appeared at any court hearing.

41.    Defendant was deceived into believing that her property was legally sold at a trustee sale without any valid documentation to support said foreclosure sale. However, OCWEN who is the servicer on the existing first deed of trust repeatedly told Defendant that the alleged second deed and second debt do not exist.

42.    The amount in controversy is moot in the federal question claim here. The amount in controversy far exceeds the amount required for a limited Jurisdictional claim. (*California Law Review*, Vol. 46, No. 4, (Oct. 1958), pp. 601-

609). In a case for unlawful detainer/forcible eviction such as the present case, the "pecuniary result to either party" should be measured not by the amount of money which Plaintiff seeks to extract from Defendant, but the value of the property of which Plaintiff seeks to deprive the Defendant of "*possession*." Defendant's house has a current market value, even in this depression, several times $75,000.00 in value. The Supreme Court recently clarified that the notice of removal need only include a plausible allegation that the amount in controversy exceeds $75,000 and need not include evidentiary submissions.

43.    If Defendant is correct in assuming that Plaintiff conducted a wrongful foreclosure and now seeks therefore to commit a wrongful eviction, there is no remedy in law that court could right the wrong that has been done against Defendant.

44.    The requirements of 28 U.S.C. §1332, 1441,1446 and 42 USC 1981, 1982 and 1983 for removal have all been met and this Court should take note and sustain this Notice of Removal on grounds of civil rights violations.

45.    28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosures.

46.    Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in

confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, *McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).

47.    Unlike the Defendant in *Neal v. Wilson*, Defendant Elda Martinez can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing her from raising her federal claims in state court, and further she has shown the basis for an "equally firm prediction" that [s]he will be unable to protect h[er] federal rights in state court." 112 F.3d at 855.

### FILING OF REMOVAL PAPERS

48.    Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the San Bernardino County Superior Court for the State of California where the action was originally filed and has been pending filed as required by 28 U.S.C. §1446.

49.    For all the above-and-foregoing reasons, removal of this action from Superior Court in and for San Bernardino County, California, to the United States District Court for the District of California, Eastern Division, is proper pursuant to all relevant statutes and law.

Respectfully submitted,

Dated: January 3, 2018

Victoria O'Ferral
Self-represented Defendant in pro per

**Exhibit    A Summons and Complaint for Unlawful Detainer – Eviction**

SUM-130

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VICTORIA OFERRAL, and Does 1 through 5, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SRP 2012-4, LLC,

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
*El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
17780 ARROW BLVD., FONTANA, CA 92335
FONTANA DISTRICT COURT

CASE NUMBER:
*(Número del caso):*

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Leslie M. Klott, Esq. (CA Bar #279622)
~~Eric M. McGartney, Esq. (CA Bar #318912)~~
Stowe, Brodnax & Steele, LLP
30 Corporate Park, Suite 450, Irvine, CA 92606
(714) 848-7920
(714) 908-7810

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) ☐ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: **OCT 25 2017**

Clerk, by **Silvia Spriggs**, Deputy
*(Secretario)* *(Adjunto)*

*(Fecha)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. NOTICE TO THE PERSON SERVED: You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☐ CCP 415.46 (occupant)           ☐ other *(specify):*
5. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

Page 1 of 2

26.

| | |
|---|---|
| PLAINTIFF (Name): SRP 2012-4, LLC | CASE NUMBER: |
| DEFENDANT (Name): VICTORIA OFERRAL, and Does 1 through 5, inclusive, | |

SUM-130

8. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date):*

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| VICTORIA O'FERRAL<br>5255 N. MT VIEW DR<br>SAN BERNARDINO CA. 92407<br>TELEPHONE NO: (909)544-3533 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* IN PRO PER | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>OCT 06 2017<br><br>BY _Gloria M. Grego_<br>GLORIA M. GREGO, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS:
MAILING ADDRESS: 247 W 3RD. STREET
CITY AND ZIP CODE: SAN BERNARDINO CA. 92407
BRANCH NAME: CIVIL

PLAINTIFF: VICTORIA O'FERRAL

DEFENDANT: CLEAR SPRINGS LOAN MANAGEMENT LLS, SRP 2012-4 LLC, STRATEGIC RECOVERY GROUP, OCWEN

☒ DOES 1 TO 10

| CONTRACT |
|---|
| ☒ COMPLAINT ☐ AMENDED COMPLAINT *(Number):* |
| ☐ CROSS-COMPLAINT ☐ AMENDED CROSS-COMPLAINT *(Number):* |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000 but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | CIVDS1719674 |

1. Plaintiff* *(name or names):* VICTORIA O'FERRAL

   alleges causes of action against defendant* *(name or names):* CLEAR SPRINGS LOAN MANAGEMENT SRP 2012-4 LLC, STRATEGIC RECOVERY GROUP, OCWEN LOAN SERVICING

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      ☐ except plaintiff *(name):*
         (1) ☐ a corporation qualified to do business in California
         (2) ☐ an unincorporated entity *(describe):*
         (3) ☐ other *(specify):*

   b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. ☐ has complied with all licensing requirements as a licensed *(specify):*

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      ☒ except defendant *(name):*                          ☒ except defendant *(name):*
         (1) ☒ a business organization, form unknown             (1) ☒ a business organization, form unknown
         (2) ☐ a corporation                                     (2) ☐ a corporation
         (3) ☐ an unincorporated entity *(describe):*            (3) ☐ an unincorporated entity *(describe):*

         (4) ☐ a public entity *(describe):*                     (4) ☐ a public entity *(describe):*

         (5) ☐ other *(specify):*                                (5) ☐ other *(specify):*

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

28

PLD-C-001

| SHORT TITLE: VICTORIA O'FERRAL  vs. CLEAR SPRINGS, SRP 2012-1 LLC, STRATEGIC RECOVERY GROUP OCWEN LOAN SERVICING | CASE NUMBER: CIVDS1719674 |

**4** *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers)*: _____ 1 - 10 _____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

**5.** ☐ Plaintiff is required to comply with a claims statute, **and**
      a. ☐ has complied with applicable claims statutes, *or*
      b. ☐ is excused from complying because *(specify)*:

**6.** ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

**7.** This court is the proper court because
      a. ☒ a defendant entered into the contract here.
      b. ☐ a defendant lived here when the contract was entered into.
      c. ☐ a defendant lives here now.
      d. ☐ the contract was to be performed here.
      e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
      f. ☐ real property that is the subject of this action is located here.
      g. ☐ other *(specify)*:

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
      ☒ Breach of Contract
      ☐ Common Counts
      ☐ Other *(specify)*:

**9.** ☐ Other allegations:

**10. Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
      a. ☒ damages of: $ 1,000,000.00
      b. ☒ interest on the damages
         (1) ☒ according to proof
         (2) ☐ at the rate of *(specify)*:          percent per year from *(date)*:
      c. ☒ attorney's fees
         (1) ☐ of: $
         (2) ☒ according to proof.
      d. ☐ other *(specify)*:

**11.** ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date:

VICTORIA O'FERRAL                                    ▶    _Victoria_ _____
_____                           (SIGNATURE OF PLAINTIFF OR ATTORNEY)
(TYPE OR PRINT NAME)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]                **COMPLAINT—Contract**                    Page ... of ...

29

SHORT TITLE:

CASE NUMBER: CIVDS1721430

(Continued)

b. The true names of defendants sued as Does are unknown to plaintiff.
   (1) ☐ Doe defendants (specify Doe numbers): _____ wers the agents or employees of the named
       defendants and acted within the scope of that agency or employment.
   (2) ☐ Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to
       plaintiff.
c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

5. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other (specify):

8. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   ☐ Breach of Contract
   ☐ Common Counts
   ☒ Other (specify): WRONGFUL FORECLOSURE, ASSISTING IN WRONGFUL FORECLOSURE AND SALE, FRAUD

9. ☒ Other allegations: VIOLATION OF HOMEOWNERS BILL OF RIGHTS UNFAIR BUSINESS PRACTICES, FRAUDS

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $
    b. ☒ interest on the damages
       (1) ☒ according to proof
       (2) ☐ at the rate of (specify): _____ percent per year from (date):
    c. ☒ attorney's fees
       (1) ☒ of: $
       (2) ☒ according to proof.
    d. ☒ other (specify): PAIN AND SUFFERING, AND MEDICAL, TIME OFF WORK.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows (specify paragraph numbers):

Date:

VICTORIA O FERRAL
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

(If you wish to verify this pleading, affix a verification.)

30

**Exhibit B  Answer to Unlawful Detainer**

UD-105

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
VICTORIA O'FERRAL
5255 N. MOUNTAIN VIEW AVE
SAN BERNARDINO CA. 92407
TELEPHONE NO.: (909) 544-3533    FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR *(Name)*:

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 17780 ARROW BLVD
MAILING ADDRESS: SAME
CITY AND ZIP CODE: FONTANA, CA 92335
BRANCH NAME:

Plaintiff: SRP 2012-4LLC
Defendant: VICTORIA O'FERRAL

ANSWER—UNLAWFUL DETAINER

CASE NUMBER:
UDFS 1707741

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs)*: VICTORIA O'FERRAL

answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. ☒ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *state paragraph numbers from the complaint or explain below or on form MC-025)*: ☐ Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025)*: ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. AFFIRMATIVE DEFENSES (NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date)*:                   before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. ☒ Other affirmative defenses are stated in item 3k.

Page 1 of 2

ANSWER—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

UD-105

CASE NUMBER:
UDFS 1707741

3. AFFIRMATIVE DEFENSES (cont'd)
k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:

☒ Description of facts is on MC-025, titled as Attachment 3k.

I STATE THAT (CLEAR SPRINGS LOAN SERVICES) OR SRP 2012-4LLC
NEVER HELD TITLE TO MY PROPERTY. AT TIME OF PURCHASE (RESMAE)
HELD DEED/TITLE., THEN POPULAR LOAN MANAGEMENT, THEN (LITTON).

4. OTHER STATEMENTS
a. ☐ Defendant vacated the premises on *(date)*:
b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:
   ☐ Explanation is on MC-025, titled as Attachment 4b.

c. ☐ Other *(specify below or on form MC-025 in attachment)*:
   ☐ Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
a. ☐ that plaintiff take nothing requested in the complaint.
b. ☐ costs incurred in this proceeding.
c. ☐ reasonable attorney fees.
d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
e. ☒ Other *(specify below or on form MC-025)*:
   ☐ All other requests are stated on MC-025, titled as Attachment 5e.

THE MAIN THING I'M ASKING IS TO GIVE BACK MY PROPERTY
ALLOW ME TIME TO STAY IN HOME UNTIL COURT HEARING IN
APRIL AND JUDGE SORT IT OUT. AND RESTORE MY CREDIT.

6. Number of pages attached: 1

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7 *(Must be completed in all cases.)* An unlawful detainer assistant ☒ did not   ☐ did   for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state)*:
a. Assistant's name:                                    b. Telephone No.:
c. Street address, city, and zip code:
d. County of registration:              e. Registration No.:            f. Expires on *(date)*:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

VICTORIA O'FERRAL                          ▶ _(signature)_
_____(TYPE OR PRINT NAME)_____              ___(SIGNATURE OF DEFENDANT OR ATTORNEY)___

                                          ▶
_____(TYPE OR PRINT NAME)_____              ___(SIGNATURE OF DEFENDANT OR ATTORNEY)___

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: 10/30/2017   _(signature)_

VICTORIA O'FERRAL                          _(signature)_
_____(TYPE OR PRINT NAME)_____              ___(SIGNATURE OF DEFENDANT)___

Case Name: VICTORIA O FERRAL

Case No.: UDES 1707741

1    ___ The Notice to Quit is defective because:

2    ___ It did not give defendant sixty days to          ___ It did not give three days to cure the
     move (Civil Code Section 1946.1).                     breach and/or was not in the alternative.

3    ___ It did not unequivocally demand                  ___ It did not specify what defendant must
     possession.                                           do to cure the breach.

4    ___ It did not adequately describe the               ___ It was not served properly.
     property.                                             ___ It was not served.

5

6    ___ Plaintiff accepted rent with actual and/or constructive knowledge of the alleged breach.
     Thus, plaintiff waived the breach and/or is estopped from evicting the defendant.

7    ___ Plaintiff accepted rent from defendant for a period of time after the notice expired.  Thus,
8    plaintiff has waived the breach.

9    ___ The complaint was filed before the expiration of the notice.

10   AFTER 2008 SECOND LOAN WAS SETTLED
11   AND PAID. AND THERE WAS ONLY 1 LOAN
12   FOR ALMOST 11 YEARS. CLEAR SPRINGS
13   FORECLOSED AND SOLD MY PROPERTY WITH-
14   OUT PROPER NOTICE AND NO DEFAULT
15   NOTICE. NOR HAVE I EVER HAD CONTACT
16   OR DEALINGS WITH CLEAR SPRINGS OR
17   SRP 2012-4LLC.
18       I AM STATING I NEVER NEW OR
19   CLEARSPRINGS OR SRP 2012-4LLC,
20   AND I BELEIVE I AM A VICTIM OF
21   FRAUD AND WRONGFUL FORECLSURE AND
22   WRONGFUL SALE OF MY PROPERTY. I ALSO
23   FILL I AM HAD MY OWNERS RIGHTS OR
24   BILL OF RIGHTS VIOLATED. I ALSO AM
25   STATING, I NEVER WAS LATE ON MORTGAGE 1st OR 2nd

                              2

1/4/12

30 34

Case Name: _____
Case No.: _____

# ATTACHMENT 3k

___ Defendant does not owe the rent and/or damages demanded because plaintiff has failed to provide defendant with a habitable dwelling as follows:

___ Damp/leaking ceiling/walls      ___ Missing/broken smoke detectors
___ Hole(s) in walls/floor/carpet      ___ Infestation of roaches/rodents/vermin
___ Falling plaster/peeling paint      ___ Lack of/inadequate heat
___ Common areas unclean      ___ Lack of/inadequate hot water
___ Inadequate trash collection      ___ Missing/torn window screens
___ Unsafe stairways/locks      ___ Defective/leaking plumbing
___ Defective electrical/wiring      ___ Other: _____

___ The defective conditions listed above have existed and have not been abated for 60 days after notice as set forth in Civil Code Section 1942.3. These uncorrected conditions create a rebuttable presumption that plaintiff breached the warranty of habitability.

___ The defective conditions listed above have existed and have not been abated for 35 days after notice as set forth in Civil Code Section 1942.4. Thus, plaintiff's notice to pay was unlawful and violated Civil Code Section 1942.4(a).

___ Within the notice period, the rent demanded was tendered but refused by the plaintiff.

___ The notice to pay was not proper because:
___ It demanded more rent than defendant owed.      ___ It asked for rent for a period beyond one year.
___ It was served before the rent was late.      ___ It fails to comply with Code of Civil Procedure Section 1161(2) (where, when, how and whom to pay).
___ It was not served properly.
___ It was not served.

___ Plaintiff's past acceptance of late rent waived the right to enforce timely payment; and/or since the defendant relied on plaintiff's failure to enforce timely payment, plaintiff is estopped from enforcing the rent timeliness provision unless notice is given that the said provision will be strictly enforced.

___ Plaintiff filed this action in retaliation against defendant because defendant:
___ Complained to a government agency.      ___ Requested repairs.
___ Suffered an injury on the property.      ___ Prevailed in a prior unlawful detainer action.
___ Other: _____

___ Plaintiff is acting arbitrarily and is discriminating against defendant in violation of the laws of California and the United States because of defendant's:
___ Race      ___ Children
___ Religion      ___ Gender
___ Marital status      ___ Health status

1

1/4/12

35

POS-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Myesha King-Cole
1594 Genevieve St.
San Bernardino CA 92405

TELEPHONE NO.: (323) 214-9894    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 17780 ARROW BLVD
MAILING ADDRESS: SAME
CITY AND ZIP CODE: FONTANA, CA. 92335
BRANCH NAME:

PETITIONER/PLAINTIFF: Martha Morales

RESPONDENT/DEFENDANT: Myesha King-Cole

PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL

CASE NUMBER:
UDFS1707684

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party** to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 5255 N. MT. VIEW AVE
SAN BERNARDINO CA. 92407

3. On *(date):* 10/30/2017 I mailed from *(city and state):* FONTANA CA
the following documents *(specify):*
Answer — Unlawful Detainer

☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
a. ☒ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
a. Name of person served: Martha Morales
b. Address of person served: 479 Ardilla Ave
La Puente CA 91746

☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 10/30/2017

VICTORIA O'FERRAL
*(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)*

▶ *(SIGNATURE OF PERSON COMPLETING THIS FORM)*

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL
(Proof of Service)

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

3236

## **CERTIFICATE OF FILING AND SERVICE**

I the undersigned, am not a party to this matter, and I do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Removal with the San Bernardino County Superior Court Clerk for the State of California and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:

Clerk of Court
Superior Court of California, San Bernardino County
Fontana District
17780 Arrow Blvd.
Fontana, California 92335

Zieve, Brodnax & Steele, LLP
Leslie M. Klott, Esq.
30 Corporate Park, Suite 450
Irvine, CA 92606
(714) 848-7920 (Telephone)
(714) 908-7836  (Facsimile)

,

Dated:   January 3, 2018

_____
JOHN TORRES